UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Integrated Wireless Solutions, L.L.C.                )<br>                                                                )<br>             Plaintiff,                                        )<br>                                                                )   Case No. _____<br>v.                                                             )<br>                                                                )<br>Integrated Wireless Solutions, LLC             )<br>                                                                )<br>             Defendant.                                    ) | |

## COMPLAINT

Integrated Wireless Solutions, L.L.C. ("IWS" or "Plaintiff"), through counsel, states as follows for its Complaint against Integrated Wireless Solutions, LLC ("Texas IWS" or "Defendant"):

1. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Because Defendant's infringement is ongoing and Plaintiff has been, and is likely to continue to be, harmed by such infringement, Plaintiff seeks injunctive relief.

2. The case involves Plaintiff and Texas IWS, which offer similar services to the same consumers in overlapping territories under identical and/or confusingly similar trademarks.

## Parties

3. Plaintiff Integrated Wireless Solutions, L.L.C. is a Louisiana limited liability company with its principal offices located in Slidell, Louisiana. Plaintiff provides telecommunications and communications services in the southern United States, including in Houston and other parts of Texas. Plaintiff also owns and operates a warehouse in Houston, Texas.

4. Defendant Integrated Wireless Solutions, LLC is a Texas limited liability

company with offices in Kaufman, Texas. Defendant regularly conducts business and provides telecommunications and communications services within the State of Texas, including within this district.

5. Upon information and belief, Defendant's members include B. Dwain Farley, Cameron Swanson, and Johnny Fry. Upon information and belief, Defendant's members are citizens of Texas.

## Jurisdiction, Controlling Law, and Venue

6. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 because this is a civil action for trademark infringement arising under the laws of the United States.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all common law claims in this civil action because the common law claims are so related to claims over which this Court has original jurisdiction that the common law claims form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Defendant because Defendant has substantial contacts in this State by, among other things, maintaining a place of business at 5162 East Highway 175 Kaufman, TX 75142, and purposefully availing itself of the benefits and protections of Texas law by regularly conducting business in this State. In addition, Defendant's infringing conduct has occurred in this district as it is presently advertising, marketing, offering to sell, and selling telecommunications and communications services under marks that are confusingly similar to Plaintiff's trademarks in Texas and, upon information and belief, in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the telecommunications and communications services giving rise to the claims

arose within this judicial district, because Defendant is licensed to do business, and appears to do business, within this judicial district, and because Defendant resides, and is subject to personal jurisdiction, in this State. Upon information and belief, Defendant provides telecommunications and communications services within this district and targets consumers within this district. This district is the situs of the subject matter of this case, where consumers are likely to be confused by Defendant's infringement, and where a substantial part of the events giving rise to Plaintiff's claims occurred and continue to occur. Further, Plaintiff's customers have actually been confused as to the source of the parties' services within this judicial district.

## Factual Allegations

### Plaintiff Integrated Wireless Solutions, L.L.C.

10.   Plaintiff provides telecommunications and communications services to clients throughout the United States. It has offered or provided telecommunications and communications services to clients in Louisiana and Texas, including the Houston, Texas area, since at least as early as 2008.

11.   Plaintiff owns rights in various trademarks in connection with the telecommunications and communications services it has provided since 2008. Among these trademarks is its INTEGRATED WIRELESS SOLUTIONS mark, which has been in use since at least as early as 2008 (the "Integrated Wireless Solutions Mark").

12.   Plaintiff also owns rights in its IWS INTEGRATED WIRELESS SOLUTIONS logo mark ("IWS Logo Mark") shown below in connection with telecommunications and communications services. The IWS Logo has been in use since at least as early as 2010.



13. The Integrated Wireless Solutions Mark and the IWS Logo Mark are collectively referred to herein as the "IWS Marks."

14. At all times relevant to this Complaint, Plaintiff has used its IWS Marks in connection with telecommunications and communications services to advertise, market, offer to sell, and sell its services in interstate commerce.

15. Plaintiff prominently displays its IWS Marks in advertisements, marketing materials, print media, and on signs, banners, and various other promotional materials.

16. Over the course of more than seven years, Plaintiff has invested great time, effort, and resources in the development of a distinctive and well-known brand, such that its services have become widely recognized as emanating from Plaintiff and as maintaining only the highest quality standards.

17. Plaintiff continues to actively expand its use of the IWS Marks in connection with the advertising, marketing, offering to sell, and sale of its telecommunications and communications services throughout the United States, including within Texas.

18. The IWS Marks, when used in connection with telecommunications and communications services and related services, indicates to members of the purchasing public that the services being offered originate from and are provided by Plaintiff only, and no other person or entity.

19. Plaintiff has extensively used its IWS Marks to identify and distinguish its services from those of its competitors, such that the IWS Marks represent and possess significant goodwill, which is of great monetary and reputational value to Plaintiff.

20. Because of Plaintiff's significant expenditure of time, effort, and money in the advertising, marketing, and promotion of the IWS Marks, the IWS Marks have developed and now possesses strong secondary meaning to consumers of telecommunications and communications services, such that the consuming public identifies the IWS Marks as indicating services of distinctively high quality originating from Plaintiff.

**Defendant's Infringing Conduct**

21. Defendant is presently advertising, marketing, offering to sell, and selling telecommunications and communications services, including but not limited to cell tower installation services and related services, under marks that are confusingly similar to Plaintiff's IWS Marks, including without limitation "Integrated Wireless Solutions" and an "IWS Integrated Wireless Solutions" logo shown below.



22. A true and accurate screen shot of Defendant's website http://www.iwireless-s.com/, showing use of "Integrated Wireless Solutions" and the "IWS Integrated Wireless Solutions" logo in connection with telecommunications and communications services, is attached hereto as Exhibit A.

23. Defendant's use of "Integrated Wireless Solutions" and the "IWS Integrated

5

Wireless Solutions" logo are collectively referred to herein as the "Infringing IWS Marks."

24.     According to Texas Secretary of State Records, Defendant registered to do business in Texas effective April 1, 2010. *See* <u>Exhibit B</u>, Texas Secretary of State Franchise Tax Account Status record for Defendant.

25.     On information and belief, Defendant maintains an office in Kaufman, Texas. *See* <u>Exhibit C</u>.

26.     Defendant advertises, markets, offers to sell, and sells telecommunications and communications services under the Infringing IWS Marks to consumers in Texas, including in the Houston, Texas area.

27.     Defendant advertises, markets, offers to sell, and sells Defendant's telecommunications and communications services under the Infringing IWS Marks in the same and/or overlapping channels of commerce as Plaintiff advertises, markets, offers to sell, and sells Plaintiff's telecommunications and communications services under the IWS Marks.

28.     Defendant advertises, markets, offers to sell, and sells Defendant's telecommunications and communications services under the Infringing IWS Marks to the same and/or overlapping classes of consumers as Plaintiff advertises, markets, offers to sell, and sells Plaintiff's telecommunications and communications services under the IWS Marks. By example and not limitation, Defendant advertises, markets, offers to sell, and sells telecommunications and communications services under the Infringing IWS Marks to at least one shared customer with Plaintiff.

29.     Defendant's use of the Infringing IWS Marks has caused actual consumer confusion in the State of Texas.

30.     For example Plaintiff's customers have recently raised concerns regarding inferior

quality and safety performance metrics, believed to be those related to Plaintiff, which were in fact caused by the Plaintiff's services and products.

31. Plaintiff has rights in its IWS Marks in Texas and elsewhere that are superior to any rights Defendant may have in the Infringing IWS Marks, which Defendant uses in connection with identical, similar, and/or related services to those offered by Plaintiff.

32. Defendant is not authorized or permitted to use Plaintiff's IWS Marks or any variations thereof.

33. On information and belief, Defendant did not commence use of the Infringing IWS Marks with telecommunications and communications services in Texas until at least April 2010 or later.

34. Upon information and belief, Defendant's website did not launch until at least August 12, 2013. *See* Exhibit D. (a true and accurate screenshot of an archived copy of http://www.iwireless-s.com/ from August 12, 2013).

35. Defendant's use of the Infringing IWS Marks has created and does create a likelihood of confusion, mistake, or deception among consumers with Plaintiff's IWS Marks.

36. Defendant knew, or should have known by the exercise of reasonable care, that its use of the Infringing IWS Marks in Texas in connection with telecommunications and communications services would cause confusion, mistake, or deception among consumers with Plaintiff's IWS Marks.

37. As a result of Defendant's conduct, Plaintiff has suffered and will suffer irreparable harm in addition to damages.

38. Defendant intended to infringe the IWS Marks and to benefit from the goodwill Plaintiff had developed in the Marks and its company.

## COUNT I
**(Trademark Infringement and Unfair Competition under 15 U.S.C. § 1125(a))**

39. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

40. This claim arises under 15 U.S.C. § 1125(a) for trademark infringement and unfair competition, including false designation of origin and palming off, with regard to the IWS Marks.

41. The IWS Marks are valid, protectable, and enforceable and have attained secondary meaning.

42. Plaintiff has continuously and exclusively used the Integrated Wireless Solutions Mark and the IWS Logo Mark since 2008 and 2010, respectively, in connection with the advertisement, marketing, offering for sale, and sale of telecommunications and communications services, and related services, prior to Defendant's use of the Infringing IWS Marks in connection with similar, related, and/or identical services.

43. By reason of Plaintiff's continuous and exclusive use and promotion of the IWS Marks, as well as the distinctiveness of the IWS Marks, consumers associate the IWS Marks with a single source of the goods and services provided under the IWS Marks.

44. Defendant uses the Infringing IWS Marks to promote the sale of, and in fact sell, services that are identical and/or highly similar to those offered by Plaintiff in connection with its IWS Marks.

45. On information and belief, Defendant has used the Infringing IWS Marks in connection with the advertising, marketing, offering for sale, and/or sale of telecommunications and communications services within the State of Texas and to citizens of the State of Texas.

46. Defendant's use of the Infringing IWS Marks, including in Texas, creates a

likelihood of confusion, mistake, or deception among consumers between Defendant's services and the services offered by Plaintiff in connection with the IWS Marks.

47. Defendant's use of the Infringing IWS Marks, including in Texas, have caused and will likely continue to cause actual confusion among consumers of Plaintiff's services.

48. Defendant knew, or should have known that its use of the Infringing IWS Marks, including in Texas, in connection with telecommunications and communications services, in addition to related services, would cause confusion, mistake, or deception among consumers of those services.

49. Defendant knew or should have known of Plaintiff's prior use of the IWS Marks at the time it began using the Infringing IWS Marks in Texas, and intended to induce and did induce, and intends to induce and will induce, consumers to purchase Defendant's services by trading off the goodwill built up by Plaintiff in the IWS Marks.

50. Defendant's wrongful acts alleged herein violate Plaintiff's rights under 15 U.S.C. § 1125(a) and, on information and belief, have been deliberate, willful, and in disregard of Plaintiff's rights.

51. Defendant's wrongful acts alleged herein have permitted and/or will permit Defendant to earn substantial revenues and profits on the strength of Plaintiff's extensive advertising, consumer recognition, and goodwill associated with its IWS Marks.

52. By reason of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendant are affiliated with, sponsored by, approved by, or originate from Plaintiff.

53. Defendant's unfair competition and false designation of origin will no doubt

9

continue unless enjoined by this Court.

54. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is entitled to preliminary and permanent injunctive relief, as well as attorneys' fees.

## COUNT II
### (Trademark Infringement and Unfair Competition under Texas Common Law)

55. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

56. This claim arises under Texas common law for trademark infringement and unfair competition, including false designation of origin and palming off, with regard to the IWS Marks.

57. The IWS Marks are valid, protectable, and enforceable and have attained secondary meaning.

58. Plaintiff has continuously and exclusively used the Integrated Wireless Solutions Mark and the IWS Logo Mark since 2008 and 2010, respectively, in Texas in connection with the advertisement, marketing, offering for sale, and sale of telecommunications and communications services, and related services, prior to Defendant's use of the Infringing IWS Marks in connection with similar, related, and/or identical services.

59. By reason of Plaintiff's continuous and exclusive use and promotion of the IWS Marks in Texas, as well as the distinctiveness of the IWS Marks, consumers associate the IWS Marks with a single source of the goods and services provided under the IWS Marks.

60. Defendant uses the Infringing IWS Marks to promote the sale of, and in fact sell,

services that are identical and/or highly similar to those offered by Plaintiff in connection with its IWS Marks.

61. On information and belief, Defendant has used the Infringing IWS Marks in connection with the advertising, marketing, offering for sale, and/or sale of telecommunications and communications services within the State of Texas and to citizens of the State of Texas.

62. Defendant's use of the Infringing IWS Marks, including in Texas, creates a likelihood of confusion, mistake, or deception among consumers between Defendant's services and the services offered by Plaintiff in connection with the IWS Marks.

63. Defendant's use of the Infringing IWS Marks, including in Texas, have caused and will likely continue to cause actual confusion among consumers of Plaintiff's services.

64. Defendant knew, or should have known that its use of the Infringing IWS Marks, including in Texas, in connection with telecommunications and communications services, in addition to related services, would cause confusion, mistake, or deception among consumers of those services.

65. Defendant knew or should have known of Plaintiff's prior use of the IWS Marks at the time it began using the Infringing IWS Marks in Texas, and intended to induce and did induce, and intends to induce and will induce, consumers to purchase Defendant's services by trading off the goodwill built up by Plaintiff in the IWS Marks.

66. Defendant's wrongful acts alleged herein violate Plaintiff's rights Texas common law and, on information and belief, have been deliberate, willful, and in disregard of Plaintiff's rights.

67. Defendant's wrongful acts alleged herein have permitted and/or will permit Defendant to earn substantial revenues and profits on the strength of Plaintiff's extensive

11

advertising, consumer recognition, and goodwill associated with its IWS Marks.

68. By reason of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer damage to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendant are affiliated with, sponsored by, approved by, or originate from Plaintiff.

69. Defendant's unfair competition and false designation of origin will no doubt continue unless enjoined by this Court.

70. As a result of Defendant's wrongful acts alleged herein, Plaintiff has suffered and is continuing to suffer irreparable injury. Plaintiff cannot be adequately compensated for these injuries by damages alone, and Plaintiff has no adequate remedy at law for Defendant's infringement of its rights. Plaintiff is entitled to preliminary and permanent injunctive relief, as well as attorneys' fees.

## COUNT III
### (In the Alternative – Declaratory Relief under 28 U.S.C. § 2201)

71. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation containing in the foregoing paragraphs.

72. Plaintiff pleads Count III in the alternative to Counts I and II.

73. This claim arises under the Lanham Act, §15 U.S.C. §§ 1051 *et seq.* and 28 U.S.C. § 2201 for declaratory relief as to the parties' respective rights in the IWS Marks and the Infringing IWS Marks.

74. In response to Defendant's infringing actions, Plaintiff sent a letter to Defendant on March 24, 2015 demanding that it cease all use of the Infringing IWS Marks.

75. As between the parties, Plaintiff and Defendant dispute the scope of the parties' respective rights in the IWS Marks and Infringing IWS Marks in connection with

telecommunications and communications services in United States interstate commerce.

76. Plaintiff has filed the present action alleging that Defendant's use of the Infringing IWS Marks infringes Plaintiff's rights in its IWS Marks and such use has created a likelihood of confusion with Plaintiff's prior use of the IWS Marks. Thus, an actual, immediate and justiciable controversy exists between the parties, which is ripe for adjudication.

77. An order of this Court will resolve this actual controversy by determining the rights and obligations of the parties as to use of the IWS Marks and Infringing IWS Marks in connection with telecommunications and communications services in United States interstate commerce.

78. A declaration by this Court of the parties' respective rights and obligations as to the IWS Marks and Infringing IWS Marks will serve to guide the future conduct of the parties with respect to the assertion, defense, and settlement of trademark infringement claims, and will further serve to prevent confusion among consumers of telecommunications and communications services and the public in general.

79. Therefore, declaratory relief is proper under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and Plaintiff is entitled to a declaration that, among the parties, Defendants have no right to use the Infringing IWS Marks in connection with telecommunications and communications services in the United States, or in the alternative, it has exceeded any rights it has.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment for Plaintiff on its cause of action against Defendant for trademark infringement under 15 USC § 1125(a) and Texas common law;

b. Judgment for Plaintiff on its cause of action against Defendant for unfair

competition under 15 U.S.C. § 1125(a) and Texas common law;

  c.  Preliminary and permanent injunctive relief against Defendant, its officers, directors, agents, and employees and all those in active concert or participation with Defendant, including their manufacturers and distributors who receive actual notice of the judgment by personal service or otherwise, as follows:

    i. from further commercial use of the Infringing IWS Marks, either alone or in combination with other words, names, or symbols, on or in connection with the advertisement, marketing, offering for sale, or sale of telecommunications and communications services;

    ii. from performing or committing any other acts falsely representing Defendant's services, or which are likely to cause confusion or mistake in the mind of the purchasing public, or to lead purchasers or the trade to believe that Defendant's services come from or are the services of Plaintiff, or are somehow sponsored by, associated with, affiliated with, or connected with Plaintiff, or that there is some relation, association, affiliation, or connection between Plaintiff and Defendant;

    iii. from passing off, or inducing or enabling others to sell or pass off, Defendant's products or services as those of Plaintiff; and

    iv. from otherwise unfairly competing with Plaintiff, and from any other acts which discourage, dilute, or destroy the public's recognition of the IWS Marks.

  c.  That upon final judgment for Plaintiff, this Court issue a Writ to the United States Marshall that directs the Marshall to seize and impound all of Defendant's advertising materials

used to infringe the IWS Marks, and that all of these items be destroyed;

      d.      That upon final judgment for Plaintiff, Defendant be compelled to file with the Texas Secretary of State a certificate of withdrawal and any other paperwork required to withdraw Defendant's registration to transact business in the State of Texas under the name "Integrated Wireless Solutions, LLC."

      e.      An award of Plaintiff's actual damages, and an accounting of and disgorgement of Defendant's profits, for Defendant's violations of 15 U.S.C. § 1125(a);

      f.      An award of interest, including pre- and post-judgment interest, and costs of this action, together with Plaintiff's attorney's fees; and

      g.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, demand is hereby made for trial by jury on all issues triable to a jury.

      INTEGRATED WIRELESS SOLUTIONS, L.L.C.
      by and through its attorneys:

      */s/ J. Scott Andrews*
      J. Scott Andrews
      Texas State Bar No. 24064823
      S.D. Tex. Bar. No. 1589440
      Andrew J. Mytelka
      Texas State Bar No14767700
      S.D. Tex. Bar. No. 11084

      **GREER, HERZ & ADAMS, LLP**
      One Moody Plaza, 18th Floor
      Galveston, Texas 77550
      Phone: (409) 797-3200
      Fax: (409) 766-6424
      amytelka@greerherz.com
      jandrews@greerherz.com

**WILLIAMS MULLEN**
Robert C. Van Arnam (NC 28838)
Williams Mullen, P.C.
301 Fayetteville Street
Suite 1700
Raleigh, NC 27601
919.981.4000 (direct)
919.981.4300 (fax)
rvanarnam@williamsmullen.com
*(Pro Hac Vice forthcoming)*

Martin W. Hayes (VA 82204)
8300 Greensboro Drive, Suite 1100
Tysons Corner, VA 22102
703.760.5245 (direct)
703.748.0244 (fax)
mhayes@williamsmullen.com
*(Pro Hac Vice forthcoming)*

*Counsel for Plaintiff*